## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| ROBERT EARL BUTTS, JR., | * | CIVIL ACTION NO. |
| | * | 5:13-CV-194-HL |
| Petitioner, | * | |
| | * | |
| v. | * | HABEAS CORPUS |
| | * | |
| BRUCE CHATMAN[1], Warden, | * | |
| Georgia Diagnostic and | * | |
| Classification Center, | * | |
| | * | |
| Respondent. | * | |

## ANSWER-RESPONSE ON BEHALF OF RESPONDENT
## TO PETITION FOR WRIT OF HABEAS CORPUS

Comes now, Bruce Chatman, Warden, Respondent in the above-styled

action, by and through counsel, Samuel S. Olens, Attorney General for the State of

Georgia, and files this, his answer-response to this petition for a writ of habeas

corpus filed on behalf of Petitioner, by showing and stating as follows:

### APPROPRIATE STANDARD OF REVIEW

1.

As the above-styled petition was filed on May 31, 2013, the amendments to

28 U.S.C. § 2254, as contained in the Anti-Terrorism and Effective Death Penalty

Act (AEDPA), specifically, § 2254(d), clearly apply to this federal habeas corpus

---

[1] Bruce Chatman is now the Warden of the Georgia Diagnostic and Classification
Prison and is the proper Respondent named in this action. See O.C.G.A. § 9-11-25
(d).

petition.  Accordingly, this Court should not grant relief with respect to any claim raised in this petition as presently filed, which was adjudicated on the merits in state court proceedings unless such adjudication either:  (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1479 (2000).  See also, Putman v. Head, 268 F.3d 1223, 1224 (11th Cir. 2001); Isaacs v. Head, 300 F.3d 1232, 1251-1252 (11th Cir. 2002); Ventura v. AG, 419 F.3d 1269, 1286 (11th Cir. 2005).

## STATE COURTS' FINDINGS ENTITLED TO PRESUMPTION OF CORRECTNESS UNDER § 2254(e)(1)

2.

Under the amendments to § 2254 of the Anti-Terrorism and Effective Death Penalty Act, specifically, § 2254(e)(1), this Court should presume to be correct any determinations of factual issues made by the state courts, either the Georgia Supreme Court or the state habeas corpus court.  Further, a habeas corpus petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254 (e)(1); Rolling v. Crosby, 438 F.3d 1296, 1300 (11th Cir. 2006); Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000); Parker v. Head, 244 F.3d 831, 835-836 (11th Cir. 2001).

## PETITIONER CANNOT ESTABLISH THAT
## AN EVIDENTIARY HEARING OR DISCOVERY
## SHOULD BE ALLOWED UNDER AEDPA STANDARDS

3.

Pursuant to the amendments to § 2254 of the Anti-Terrorism and Effective Death Penalty Act, specifically § 2254(e)(2), this Court should not conduct a federal evidentiary hearing in this case, as Petitioner cannot establish as required by statute, that any of his claims raised in his petition: (a) rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable or (b) rely on a factual predicate that could not have been previously discovered by due diligence; and that the facts underlying the claim would be sufficient to show by clear and convincing evidence that, but for any constitutional error, no reasonable fact-finder would have found Petitioner guilty.

As the United States Supreme Court held in Williams v. Taylor, 529 U.S. 420, 436 (2000), the applicable portion of the AEDPA is meant to "give effect to Congress' intent to avoid unneeded evidentiary hearings in federal habeas corpus…."

As to Petitioner's prayer for discovery, it should be noted that, even prior to the enactment of the AEDPA, federal habeas petitioners were required to make a strong showing of "good cause" before the court could exercise its discretion to

allow discovery.  See, e.g., Harris v. Nelson, 394 U.S. 286 (1969); Keeney v. Tamayo-Reyes, 504 U.S. 1, 9 (1992).  The enactment of the AEDPA erected additional barriers to courts' authority to conduct discovery.  See Crawford v. Head, 311 F.3d 1288, 1328-1329 (11th Cir. 2002); Isaacs v. Head, 300 F.3d 1232, 1248-1249 (11th Cir. 2002).

Under U.S.C. § 2254(e)(2), a habeas petitioner's burden to establish that discovery is warranted is strict and requires that Petitioner establish that his claims involve:

> (a)(i) a new rule of law which does apply retroactively to cases on collateral review, **or**
>
> (a)(ii) a factual predicate that could not have previously been discovered through due diligence; **and**
>
> (b) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that Petitioner would not have been found guilty.

Williams [Michael] v. Taylor, 529 U.S. 420 (2000).  (Emphasis added).

Respondent submits that Petitioner is not entitled to discovery or an evidentiary hearing in this case.  However, he will more fully address this issue if Petitioner requests an evidentiary hearing and/or discovery in subsequent pleadings.

## TRANSCRIPTS

### 4.

As required by Rule 5 of the Rules Governing Section 2254 Proceedings, counsel for Respondent is submitting, by means of a separate notice of filing, all of the applicable exhibits in this case, including the record of Petitioner's direct appeal proceedings, the pleadings and record developed in connection with Petitioner's state habeas corpus proceedings and the record of Petitioner's appeal filed in the Georgia Supreme Court from the denial of state habeas corpus relief.

If, after receiving this notice of filing, this Court or counsel for Petitioner indicates that any relevant transcripts have been inadvertently omitted from the submission made to this Court, counsel for Respondent will submit any such transcripts or documents upon request.

## STATE POST-CONVICTION PROCEEDINGS

### 5.

Petitioner, Robert Earl Butts, Jr., was indicted by the Baldwin County Grand Jury on May 29, 1996, for malice murder, felony murder, armed robbery, hijacking a motor vehicle, possession of a firearm during the commission of a crime and possession of a sawed-off shotgun.  (Res. Ex. 1, pp. 13-15).  On November 20, 1998, Petitioner was convicted of all counts charged in the indictment.  (Res. Ex. 1, pp. 545-546).

Following the sentencing phase of trial, on November 21, 1998, the jury found that the following statutory aggravating circumstance existed to impose the death penalty:  that Petitioner committed the murder of Donovan Parks while engaged in the commission  of another capital felony, to-wit:  armed robbery. (Res. Ex. 1, pp. 548).  The jury recommended a sentence of death, and the trial court then sentenced Petitioner to death.  (Res. Ex. 1, pp. 547, 550).  Petitioner was further sentenced to consecutive sentences of life imprisonment for armed robbery, ten years for hijacking a motor vehicle, five years for possession of a firearm during the commission of a crime, and five years for possession of a sawed-off shotgun.  (Res. Ex. 1, p. 549).

Petitioner's motion for new trial was denied on August 18, 1999.  (Res. Ex. 1, p. 553).  Thereafter, Petitioner filed a notice of appeal to the Georgia Supreme Court on August 23, 1999; however, on February 25, 2000, the case was stricken from the court's docket and remanded for an evidentiary hearing on Petitioner's claims of ineffective assistance of trial counsel.  (Res. Ex. 1, pp. 1-2; Res. Ex. 27). On October 4, 2000, Petitioner's renewed motion for a new trial was denied, and a second notice of appeal was filed on October 26, 2000.  (Res. Ex. 29, pp. 1, 13-14).

Petitioner appealed his conviction and sentence to the Georgia Supreme Court.  The Georgia Supreme Court unanimously affirmed Petitioner's convictions and sentence of death on April 30, 2001.  Butts v. State, 273 Ga. 760, 546 S.E.2d

472 (2001).  (Res. Ex. 37).  Thereafter, Petitioner filed a petition for writ of

certiorari in the United States Supreme Court, which was denied on January 7,

2002.  Butts v. Georgia, 534 U.S. 1086 (2002), *rehearing denied*, Butts v. Georgia,

535 U.S. 922 (2002).  (Res. Ex. 38-43).

Petitioner filed a state habeas corpus petition in the Superior Court of Butts

County, Georgia on August 30, 2002, and an amendment thereto on February 16,

2007.  (Res. Ex. 44, 70).  An evidentiary hearing was conducted in this matter on

September 11-13, 2007.  (Res. Ex. 86-112).  On April 7, 2011, the state habeas

corpus court entered an order denying relief.  (Res. Ex. 128).  Petitioner's

application for a certificate of probable cause to appeal from the denial of habeas

corpus relief was filed in the Georgia Supreme Court on July 15, 2011.  (Res. Ex.

130).  The Georgia Supreme Court denied this application for a certificate of

probable cause to appeal on January 22, 2013.  (Res. Ex. 133).

Petitioner filed his federal petition for writ of habeas corpus on May 31,

2013.  This answer is filed in response to the federal petition for writ of habeas

corpus filed on behalf of Petitioner.

# EXHAUSTION REQUIREMENTS

6.

As a general matter, a federal habeas corpus court may not grant habeas corpus relief to a state prisoner who has not exhausted his state remedies.  28 U.S.C. § 2254 (b)(1)(A).  To exhaust his state remedies, a petitioner must "fairly present federal claims to the state courts in order to give the State the first opportunity to pass upon and correct alleged violations of its prisoner's federal rights."  Duncan v. Henry, 513 U.S. 364, 365 (1998).  As the United States Supreme Court stated in Coleman v. Thompson, 501 U.S. at 731, "in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoners."  Petitioner is also required to exhaust all claims in his application for federal habeas corpus relief under the authority of Footman v. Singletary, 978 F.2d 1207, 1211, n.4 (11th Cir. 1992) and Weeks v. Jones, 26 F.3d 1030 (11th Cir. 1992).

Respondent asserts that the following claim has not been raised in the state courts and is, therefore, unexhausted:

> In a **portion of Claim Two** of the instant petition, Petitioner alleges that the trial court erred in allowing the prosecution to introduce victim impact testimony;[2]

---

[2] To the extent that this claim refers to the presentation of victim impact testimony during the guilt phase, this claim was rejected on its merits by the Georgia Supreme Court.  Butts v. State, 273 Ga. at 767(15).  (Res. Ex. 37).

Respondent pleads that any unexhausted claim in Petitioner's federal habeas corpus petition or amended petition should be treated as a procedurally defaulted claim, as such claim would be found to be "successive" and thus procedurally defaulted pursuant to O.C.G.A. § 9-14-51, if it was raised in a successive state habeas corpus proceeding.  As the United States Supreme Court has made clear, a "federal habeas corpus court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." Harris v. Reed, 489 U.S. 255, 263, n.9 (1989); See also Teague v. Lane, 489 U.S. 288, 297-299 (1989), and Castille v. Peoples, 489 U.S. 346, 351 (1989). The fact that there is no explicit finding of procedural bar by a Georgia court on any such claim does not preclude this Court from treating such claim as procedurally barred.  Harris v. Reed, supra.  Accordingly, this Court should find these claims to be procedurally defaulted and not reviewable by this Court.

## NON-COGNIZABLE CLAIMS UNDER § 2254

7.

Respondent submits that two of Petitioner's claims are subject to dismissal as non-cognizable as they do not allege a substantial violation of Petitioner's rights "in the proceedings which resulted in [the petitioner's] conviction," as required by state law, (O.C.G.A. § 9-14-42(a)), and therefore cannot serve as a basis for seeking habeas corpus relief in these proceedings.

In **Claim Seven** of the instant petition, (Claim Ten of the amended state habeas petition, pp. 37-38 and Petitioner's post-hearing brief, pp. 113-122), Petitioner alleges that lethal injection is unconstitutional.  This allegation was properly found by the state habeas corpus court to be non-cognizable. (Res. Ex. 128, p. 13).

In **Claim Eight** of the instant petition, (Claim Thirteen of the amended state habeas petition, pp. 44-48), Petitioner alleges cumulative error.  This allegation was properly found by the state habeas corpus court to be non-cognizable.  (Res. Ex. 128, p. 14).

## CLAIMS PETITIONER HAS PROCEDURALLY DEFAULTED

8.

This Court should defer to the findings of procedural default as to each and every claim or sub-claim of the federal habeas corpus petition which was found by the state courts to have been procedurally defaulted.

Respondent expressly adopts and relies upon any findings made by the state courts as to the procedural default of any and all claims not timely raised at trial and on appeal as required by O.C.G.A. § 9-14-48(d).  Absent a demonstration of cause and prejudice, which has clearly not been established by Petitioner in the instant case, these findings of procedural default should be deferred to by this Court under Coleman v. Thompson.  See also Murray v. Carrier, 477 U.S. 478 (1986); Morris v. Kemp, 809 F.2d. 1499 (11th Cir. 1987).

Respondent specifically asserts that the following claims and/or sub-claims have been procedurally defaulted by Petitioner:

In a **portion of Claim One** of the instant petition, (Claim One of the amended state habeas petition, pp. 6-14), Petitioner alleges ineffective assistance of trial counsel in that:

a)    trial counsel failed to negotiate a plea agreement with the District Attorney;

b)    trial counsel failed to make adequate and timely requests for funds from the court to secure investigative and expert support;

c)    trial counsel failed to conduct an adequate examination of potential jurors with regard to their understanding of the presumption of innocence, potential bias regarding the death penalty and gangs, and other issues during voir dire;

d)    trial counsel failed adequately to challenge the venue of the trial in Baldwin County;

e)    trial counsel failed adequately to challenge the trial court's improper excusal of certain jurors for hardship reasons;

f)    trial counsel failed adequately to challenge the trial court's improper voir dire of potential jurors;

g)    trial counsel failed to challenge the trial court's refusal to excuse jurors affiliated with the Georgia Department of Corrections;

h)    trial counsel failed adequately to challenge the District Attorney's improper voir dire;

i)    trial counsel failed adequately to protect Petitioner's right to a jury pool and jury that properly represented the community and could provide Petitioner a fair trial and reliable sentencing;

j)    trial counsel failed during the guilt phase to prepare testimony of critical witnesses, such as co-defendant Marion Wilson;

k)    trial counsel failed to file discovery motions that would have provided counsel with an opportunity to learn of, prepare for and seek the

exclusion expert testimony regarding Petitioner's membership in the Folks gang;

l)     trial counsel failed to object to and provided no rebuttal to the prosecution's inflammatory use of testimony regarding gang membership and activities;

m)     trial counsel failed to raise a challenge under <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) as to the reliability and admissibility of expert testimony regarding gangs;

n)     trial counsel failed to object to opinion testimony regarding gang activities unrelated to Petitioner that was offered by lay witnesses with no showing of expert qualifications;

o)     trial counsel failed to object to gang-affiliation by a purported expert;

p)     trial counsel failed to make adequate and timely objection to the prosecutor's reference to Petitioner as "the biggest liar of them all" and a "criminal" and failed adequately to litigate a motion for mistrial based on this argument;

q)     trial counsel failed to adequately research Georgia law regarding convictions based on circumstantial evidence and failed to present the proper legal basis for why Petitioner's conviction could not be obtained under O.C.G.A. § 24-4-6;

r)     trial counsel failed to adequately investigate and litigate the suppression of Petitioner's taped statements to the police;

s)     trial counsel failed to adequately redact Petitioner's taped statements to the police;

t)     trial counsel failed to conduct an adequate pretrial investigation into Petitioner's family life and background to uncover and present to the jury evidence in mitigation of punishment;

u)     trial counsel failed to interview of call numerous witnesses whose testimony would have been relevant at both phases of trial;

v)      trial counsel failed to secure the services of necessary experts, including a mitigation expert;

w)      trial counsel failed to secure the services of a sociologist or other expert on gang and youth violence issues;

x)      trial counsel failed to argue in the sentencing phase that a sentence of death was disproportionate; and

y)      trial counsel failed to present closing arguments that adequately and meaningfully discussed the evidence and set forth reasons for the jury to acquit or to impose a sentence less than death;

These allegations were properly found by the state habeas corpus court to be procedurally defaulted.  (Res. Ex. 128, pp. 6-8, 14).

In a **portion of Claim Two** of the instant petition, (Claim Seven of the amended state habeas petition, pp. 29-33), Petitioner alleges trial court error in that:

a)      trial court excused potential jurors for improper reasons under the rubric of "hardship;"

b)      trial court erred by phrasing its voir dire questions in a manner that suggested to jurors who gave neutral responses that they were or should be in favor of the death penalty;

c)      trial court engaged in improper voir dire;

d)      trial court allowed fair and impartial jurors to be struck for cause;

e)      trial court restricted voir dire relating to several areas of inquiry, including the credibility of law enforcement officials and the jurors' attitudes regarding race;

f)      trial court erred in failing to adequately supervise the jury during its view of the crime scene;

g)      trial court erred in failing to require the State to disclose certain items of evidence of an exculpatory or impeaching nature to the defense;

h)      trial court erred in failing to direct verdicts of acquittal or life sentence on its own motion;

i)      trial court erred in failing to require the State to disclose certain items of evidence in a timely manner; and

j)      trial court erred by failing to ensure that Petitioner's taped statements to the police were properly redacted;

These allegations were properly found by the state habeas corpus court to be procedurally defaulted.  (Res. Ex. 128, pp. 10, 14).

In **Claim Three** of the instant petition, (Claims Two and Eleven of the amended state habeas petition, pp. 14-16, 38-41 and Petitioner's post-hearing brief, pp. 79-99), Petitioner alleges prosecutorial misconduct in that:

1)      the State suppressed information favorable to the defense at both phases of the trial in violation of Brady v. Maryland, 373 U.S. 667 (1965) and Kyles v. Whitley, 115 S.Ct. 1555 (1995);

2)      the State took advantage of Petitioner's ignorance of the undisclosed favorable information by arguing to the jury that which it knew or should have known to be false and/or misleading;

3)      the State allowed its witnesses to convey a false impression to the fact-finder;

4)      the State knowingly or negligently presented false testimony;

5)      the State presented false and misleading testimony regarding Petitioner's gang involvement and suppressed information that would have impeached their witnesses regarding gangs;

6)      the State changed theories of who was the shooter in the trial of Petitioner and the trial of his co-defendant;

7)      the State made improper and prejudicial remarks during its opening statement to the jury and in its closing arguments during both phases of trial; and

8)      the State argued matters outside the evidence, engaged in highly
        prejudicial theatrics and made other statements calculated to
        inflame the jury's passions;

These allegations were properly found by the state habeas corpus court to be
procedurally defaulted.  (Res. Ex. 128, pp. 8, 10-13).

In **Claim Four** of the instant petition, (Claims Four and Eight of the
amended state habeas petition, pp. 22-23, 33-34), Petitioner alleges juror
misconduct.  This alleged misconduct includes:

1)      improper consideration of matters extraneous to the trial;

2)      improper racial attitudes that infected the deliberations of the
        jury;

3)      false or misleading responses of jurors on voir dire;

4)      improper biases of jurors which infected their deliberations;

5)      improper exposure to the prejudicial opinions of third parties;

6)      improper communications with jury bailiffs; and

7)      improperly prejudging the guilt and penalty phases of
        Petitioner's trial.

These allegations were properly found by the state habeas corpus court to be
procedurally defaulted. (Res. Ex. 128, p. 9).

In a **portion of Claim Five** of the instant petition, (Claim Three of the
amended state habeas petition, pp. 16-21), Petitioner alleges that the
proportionality review conducted by the Georgia Supreme Court is
constitutionally infirm, both in general and as applied.  This allegation was
properly found by the state habeas corpus court to be procedurally defaulted.
(Res. Ex. 128, p. 9).

Respondent reserves the right to assert procedural default with respect to any other claims for relief not raised at trial or on appeal and specifically reserves the right to assert procedural default as to any additional claims in response to any additional petition or any brief filed on behalf of Petitioner.

## CLAIMS PROPERLY BEFORE THIS COURT FOR REVIEW

### ALLEGATIONS OF THIS PETITION THAT ARE REVIEWABLE UNDER § 2254(d)

9.

Respondent denies that any of Petitioner's constitutional rights have been violated as asserted by Petitioner in his petition for federal habeas corpus relief. Respondent specifically denies the following claims of Petitioner's current federal petition by showing and stating the following:

In a **portion of Claim One** of the instant petition, (Claim One of the amended state habeas petition, pp. 14, 25 and Petitioner's post-hearing brief, pp. 5-79), Petitioner alleges ineffective assistance of appellate counsel in that:

a)   appellate counsel failed adequately to challenge the venue of the trial in Baldwin County;

b)   appellate counsel failed to secure the services of a sociologist or other expert on gang and youth violence issues;

c)   appellate counsel failed to investigate, develop and present available mitigation evidence;

d)   appellate counsel failed to conduct any independent investigation into the evidence presented at the sentencing phase;

These allegations were properly rejected on their merits by the state habeas corpus court. (Res. Ex. 128, pp. 14-58).

In a **portion of Claim One** of the instant petition, (Enumeration of Error XII on direct appeal to the Georgia Supreme Court, pp. 35-46), Petitioner alleges ineffective assistance of trial counsel in that:

a)      trial counsel failed to voir dire the jury on their knowledge of gangs and gang activity in Baldwin County and how that would affect them as potential jurors;

b)      trial counsel failed to object to the jurors being allowed to watch television, knowing that they may have the opportunity to watch newscasts with coverage of the trial;

c)      trial counsel unreasonably admitted to the jury that the State had proven the existence of a statutory aggravating circumstance;

d)      trial counsel failed to request a charge on the theory of "mere presence;"

e)      trial counsel failed to reserve the right to object to the charge to the jury;

f)      trial counsel failed to request that the trial judge recuse herself because of having previously adjudicated Petitioner as a juvenile;

g)      trial counsel unreasonably praised the District Attorney and his assistants in front of the jury, referred to the District Attorney as a good friend and colleague, referred to the close working relationship between the State and defense counsel, and generally portrayed to the jury a "conciliatory" atmosphere;

h)      trial counsel failed to object to inflammatory and improper prosecution statements during opening statement and also failed to object to the prosecutor's improper comments during closing argument;

i)      trial counsel failed to object to the admission of several items of evidence and testimony offered by the State during both phases of trial;

j)      trial counsel failed to object to the introduction of numerous photographs;

k)      trial counsel failed to challenge the gang testimony as improper under Dawson v. Delaware, 503 U.S. 159, 166 (1992);

l)      trial counsel failed to object properly to items of improper evidence and testimony offered by the State in aggravation at the sentencing phase of trial;

m)      trial counsel failed to object to the introduction of evidence of gang paraphernalia by the State in the sentencing phase;

n)      trial counsel failed to object to testimony concerning gangs and gang activity in Baldwin County during the sentencing phase;

o)      trial counsel failed to object to testimony during the sentencing phase of "bad acts" of Petitioner while incarcerated prior to the trial;

p)      trial counsel failed to object to testimony which improperly created a sense of sympathy for the victim as well as testimony which improperly portrayed the victim as non-aggressive and gentle;

q)      trial counsel failed to present testimony of family members during the sentencing phase of trial;

r)      trial counsel failed to object to leading questions throughout both phases of trial; and

s)      trial counsel unreasonably informed the jury that he was appointed to represent Petitioner;

These allegations were properly rejected on their merits by the Georgia Supreme Court.  Butts v. State, 273 Ga. at 762-763, 765-771 (3)(8)(9)(11)(15)(16)(17)(18)(19)(21)(24)(25)(30). (Res. Ex. 37).

In a **portion of Claim Two** of the instant petition, (Enumeration of Errors I-IX, XI, XIII-XX on direct appeal to the Georgia Supreme Court, pp. 10-33, 35, 47-58), Petitioner alleges trial court error in that the:

a)    trial court failed to strike for cause several venire persons whose attitudes towards the death penalty would have prevented or substantially impaired their performance as jurors;[3]

b)    trial court erred in its rulings on motions to challenge prospective jurors for cause based on their attitudes about the death penalty and stated biases;[4]

c)    trial court erred in denying Petitioner's juror strikes for cause;[5]

d)    trial court erred in empanelling on the petit jury persons employed by the Department of Corrections;

e)    trial court erred in allowing the jury to be able to watch television;

f)    trial court erred in allowing the State to introduce evidence about gangs;

g)    trial court erred in allowing expert testimony about gangs without requiring the prosecution to demonstrate the qualifications of the purported gang expert or the basis for his testimony;

---

[3] To the extent that this claim refers to jurors not addressed by the Georgia Supreme Court on direct appeal, this claim was properly found by the state habeas court to be procedurally defaulted.  (Res. Ex. 128, p. 10).

[4] To the extent that this claim refers to jurors not addressed by the Georgia Supreme Court on direct appeal, this claim was properly found by the state habeas court to be procedurally defaulted.  (Res. Ex. 128, pp. 10, 14).

[5] To the extent that this claim refers to jurors not addressed by the Georgia Supreme Court on direct appeal, this claim was properly found by the state habeas court to be procedurally defaulted.  (Res. Ex. 128, pp. 10, 14).

h)    trial court erred in admitting evidence and arguments during the sentencing phase to the effect that Petitioner was a member of a gang and regarding gang activity in general;

i)    trial court erred in admitting various items of prejudicial, unreliable, unsubstantiated and irrelevant evidence tendered by the State during both phases of trial;

j)    trial court erred in admitting gruesome photographs of the victim that were not relevant to any contested issue;

k)    trial court erred in failing to grant the defense motions for directed verdicts due to lack of evidence sufficient to support guilt and/or the statutory aggravating factors;

l)    trial court erred in allowing evidence of prior alleged bad acts and adjudications of Petitioner as a juvenile during the sentencing phase;

m)    trial court erred in allowing improper testimony of bad acts of Petitioner while incarcerated prior to the trial;

n)    trial court erred in failing to charge the jury on mere presence in the guilt phase;

o)    trial court erred in allowing the prosecution to introduce improper, unreliable and irrelevant evidence in aggravation at sentencing;

p)    trial court erred by failing to suppress Petitioner's taped statements to the police;

q)    trial court erred by excluding exculpatory hearsay evidence during the guilt phase of trial;

r)    trial court erred in giving confusing instructions to the jury during the sentencing phase;

s)    trial court erred in denying Petitioner's motion to exclude members of the Department of Corrections, police department and members of other law enforcement agencies from sitting in the courtroom in uniform;

t)      trial court erred in denying Petitioner's motion to prevent prejudicial
        security measures;

u)      trial court erred in denying Petitioner's motion for an order allowing
        evidence at sentencing regarding execution by electrocution;

v)      trial court erred in denying Petitioner's motion for new trial on all
        grounds raised therein;

w)      trial court erred in that the trial judge should have recused herself
        because of having previously adjudicated Petitioner as a juvenile; and

x)      trial court erred by denying Petitioner's motion for change of venue;

These allegations were properly rejected on their merits by the Georgia
Supreme Court.  Butts v. State, 273 Ga. at 762-771(2)(3)(4)(5)(6)(7)
(9)(10)(11)(12)(13)(14)(18)(19)(20)(21)(22)(23)(26)(28)(29). (Res. Ex. 37).

In a **portion of Claim Three** of the instant petition, (Enumeration of Error I
on direct appeal to the Georgia Supreme Court, pp. 10-13), Petitioner alleges
that his rights to association, due process and a fair trial were violated by the
prosecution's use of evidence pertaining to gang activity without any
evidentiary basis for linking the Parks murder with gang activity.  This
allegation was properly rejected on its merits by the Georgia Supreme Court.
Butts v. State, 273 Ga. at 768-769(19).  (Res. Ex. 37).

In a **portion of Claim Five** of the instant petition, (Enumeration of Error
XX on direct appeal to the Georgia Supreme Court, pp. 57-58), Petitioner
alleges that his death sentence is disproportionate.  This allegation was
properly rejected on its merits by the Georgia Supreme Court.  Butts v.
State, 273 Ga. at 771-772(33).  (Res. Ex. 37).

In a **portion of Claim Six** of the instant petition, (Claim Nine of the
amended state habeas petition, pp. 34-36), Petitioner alleges that his death
sentence was imposed arbitrarily and capriciously, and pursuant to a pattern
and practice of discrimination in the administration and imposition of the
death penalty in Georgia.  This allegation was properly rejected on its merits
by the Georgia Supreme Court.  Butts v. State, 273 Ga. at 771(32).  (Res.
Ex. 37).

In a **portion of Claim Six** of the instant petition, (Enumeration of Error XX on direct appeal to the Georgia Supreme Court, pp. 57-58), Petitioner alleges that his death sentence is disproportionate.  This allegation was properly rejected on its merits by the Georgia Supreme Court.  Butts v. State, 273 Ga. at 771-772(33).  (Res. Ex. 37).

## ADDITIONAL ASSERTIONS BY RESPONDENT

### 10.

Respondent requests that if this Court should reject the findings of procedural default made by the state courts as to any of the claims presented in Petitioner's petition or if this Court should determine that Petitioner has shown the necessary cause and prejudice to excuse the procedural bar of any claims, Respondent be given an opportunity to brief those claims.

### 11.

Respondent denies that Petitioner is entitled to any of the relief sought by means of the instant petition.

## CONCLUSION

WHEREFORE, having answered the allegations of Petitioner's petition for federal habeas corpus relief and there being no cause why the writ should issue and no necessity for a federal evidentiary hearing, Respondent prays that this Court deny Petitioner habeas corpus relief without conducting a federal evidentiary hearing and remand Petitioner to the custody of Respondent.

Respectfully submitted,

SAMUEL S. OLENS          551540
Attorney General

BETH BURTON              027500
Deputy Attorney General

s/Sabrina D. Graham_____
SABRINA D. GRAHAM        305755
Senior Assistant Attorney General

s/Richard Tangum_____
RICHARD TANGUM           141337
Assistant Attorney General

Please serve:
RICHARD TANGUM
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
(404) 656-3397

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have this day electronically filed this pleading with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record:

> W. Ray Persons
> Philip E. Holladay
> KING & SPALDING, LLP
> 1180 Peachtree Street, NE
> Atlanta, Georgia 30308

This 17th day of July, 2013.

> s/Richard Tangum_____
> RICHARD TANGUM
> Assistant Attorney General