IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ROBERT EARL BUTTS, | : | |
| Petitioner, | : | |
| vs. | : | CIVIL ACTION NO. 5:13-CV-194 (MTT) |
| BRUCE CHATMAN, | : | |
| Respondent. | : | |

**ORDER**

Petitioner filed an Initial Petition for Writ of Habeas Corpus by a Person in State Custody and a Motion for Leave to Proceed *in forma pauperis*. (Docs. 1-2). The Court granted his Motion for Leave to Proceed *in forma pauperis.* (Doc. 5). Respondent filed an Answer-Response on Behalf of Respondent to Petition for Writ of Habeas Corpus and, pursuant to Rule 5 of the Rules Governing 28 U.S.C. § 2254 Proceedings, filed approximately 133 exhibits. (Docs. 6, 8-16).

Respondent filed a Motion for Scheduling Order in which he requests the Court to enter an order providing for a single brief from both parties concerning all issues, including: Any request for discovery; any request for an evidentiary hearing; procedural default along with cause and prejudice to overcome that default; and the merits of all remaining claims. (Doc. 7). Petitioner responded to this motion and requests the Court to enter an order providing for separate briefs for each of these same issues. (Doc. 17).

The Court agrees with Respondent that the issues regarding procedural default, as well as cause and prejudice necessary to overcome the default, often require an

analysis of the merits of the underlying habeas claims.  For this reason, the Court prefers to address procedural default issues at the same time that it addresses the merits of Petitioner's claims.  However, the Court agrees with Petitioner that one voluminous brief covering all issues is both impractical and burdensome, not only for the parties, but for the Court as well.

The Court understands, and shares, the concerns of both parties; i.e., the need to avoid "repeatedly brief[ing] the same issue for the Court's review" and the desire that Petitioner have a "fair opportunity to fully adjudicate his constitutional claims in federal court."  (Doc. 7 at 2; Doc. 17 at 12).  With these goals in mind, the Court finds that the following briefing schedule should accommodate both parties, as well as the Court:

Petitioner's motions, if any, for both discovery and/or an evidentiary hearing shall be combined and one brief addressing the necessity of discovery and/or an evidentiary hearing shall be filed within 45 days of the date shown on this Order.[1]  Respondent shall have 45 days to respond to such motion, and Petitioner shall have 15 days to reply to Respondent's response.

If the Court grants either Petitioner's request for discovery and/or request for an evidentiary hearing, Petitioner's brief addressing all outstanding issues; including the issues of exhaustion, procedural default, cause and prejudice, fundamental miscarriage of justice, and the merits of all claims[2] contained in his Petition for Writ of Habeas Corpus, shall be filed within 60 days after completion of discovery or after the evidentiary

---

[1] Petitioner states that "federal courts in Georgia have repeatedly and recently deemed capital habeas corpus petitioners entitled to discovery and/or an evidentiary hearing."  (Doc. 17 at 5).  Most of the cases Petitioner cites for this proposition pre-date *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011).  In *Cullen*, the Supreme Court held that if a state court has decided a claim on the merits, federal review is limited to the record that was before the state court that adjudicated the claim.  *Id.* at 1398.  Since *Cullen*, it is rare for the Court to grant motions for either discovery or evidentiary hearings.

[2] Any claim not briefed will be deemed abandoned.

hearing, whichever is later.   Respondent shall have 60 days to respond, and Petitioner shall have 30 days to reply to Respondent's response.

If Petitioner does not seek discovery or an evidentiary hearing, his brief addressing all outstanding issues; including the issues of exhaustion, procedural default, cause and prejudice, fundamental miscarriage of justice, and the merits of all claims contained in his Petition for Writ of Habeas Corpus shall be filed within 60 days of the date on this Order.   Respondent shall have 60 days to respond; and Petitioner shall have 30 days to reply to Respondent's response.

All documents in this case, including Respondent's 133 exhibits, have been electronically filed.   When referring to the record, both parties must refer to the document number and electronic screen page number shown at the top of each page by the Court's CM/ECF software.   For example, to refer to page 1 of Respondent's Exhibit 1, the only acceptable citation would be "(Doc. 8-1 at 1)."   Any brief that does not contain this citation format will not be accepted by the Court.

If the parties find it necessary to request additional time to file any of the briefs described above, they must file a motion making such a request.   Any motion requesting additional time must set forth the reasons for the request and the exact amount of additional time that is needed.

**SO ORDERED**, this 30th day of September, 2013.

S/ Marc T. Treadwell<br>MARC T. TREADWELL, JUDGE<br>UNITED STATES DISTRICT COURT