IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ROBERT EARL BUTTS, JR.          :
                                :
            Petitioner,         :
                                :
VS.                             :
                                :     CIVIL ACTION NO. 5:13-CV-194 (MTT)
BRUCE CHATMAN, Warden, Georgia  :
Diagnostic and Classification Prison, :
                                :
            Respondent.         :

**<u>ORDER</u>**

Pending before the Court is Petitioner Robert Earl Butts, Jr.'s Motion for Discovery and an Evidentiary Hearing.   (Doc. 19).

Butts is an inmate on death row at the Georgia Diagnostic and Classification Prison in Jackson, Georgia.   In November 1998, he was convicted and sentenced to death by the Superior Court of Baldwin County for the murder of Donovan Corey Parks. *Butts v. State*, 273 Ga. 760, 761 n.1, 546 S.E.2d 472, 477 n.1 (2001).   Following his direct appeal and state habeas proceedings, he filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court on May 31, 2013.   (Doc 1).   One of the eight claims raised in his habeas petition is that Georgia's lethal injection procedure amounts to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments.   (Doc. 1 at 55-59).   Butts requests the Court to enter an Order allowing him discovery and an evidentiary hearing related to this claim.   (Doc. 19-1 at 3).

**ANALYSIS**

I.    STANDARDS GOVERNING DISCOVERY AND EVIDENTIARY HEARINGS

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."   *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Nor is he entitled to an evidentiary hearing in most cases.   The Supreme Court has explained that "[a]lthough state prisoners may sometimes submit new evidence in federal court, AEDPA's[1] statutory scheme is designed to strongly discourage them from doing so."   *Cullen v. Pinholster*, 131 S. Ct. 1388, 1401 (2011).

If a claim has been adjudicated on the merits in state court proceedings, this Court's review under both 28 U.S.C. § 2254(d)(1) and (2) "is limited to the record that was before the state court."   *Id.* at 1398, 1400 n.7.   Because this Court's review is limited to evidence presented to the state court, discovery of new evidence and an evidentiary hearing to present that evidence would be unnecessary.[2]

28 U.S.C. § 2254(e)(2) "restricts the discretion of federal habeas courts to consider new evidence when deciding claims that were not adjudicated on the merits in state court."   *Id.* at 1401.   If a habeas petitioner has failed to develop the factual basis for his claims in state court proceedings as a result of his own lack of diligence, he must satisfy the stringent requirements of 28 U.S.C. § 2254(e)(2) before the Court can allow discovery

---

[1] Antiterrorism and Effective Death Penalty Act of 1996.

[2] While *Pinholster* addressed only evidentiary hearings, there would be no need for discovery if *Pinholster* barred the Court from considering any newly discovered evidence.   *See Hurst v. Branker*, 2011 U.S. Dist. LEXIS 58910 at *23 (M.D. N.C. 2011).

or hold an evidentiary hearing.[3]  *Isaacs v. Head*, 300 F.3d 1232 (11th Cir. 2002); C*rawford v. Head*, 311 F.3d 1288 (11th Cir. 2002).

The United States Supreme Court has explained that "[b]y the terms of its opening clause [28 U.S.C. § 2254(e)(2)] applies only to prisoners who have 'failed to develop the factual basis of a claim in State court proceedings.'"  *Williams v. Taylor*, 529 U.S. 420, 430 (2000) (quoting 28 U.S.C. § 2254(e)(2)); *Chandler v. McDonough*, 471 F.3d 1360 (11th Cir. 2006).   A petitioner has "failed to develop the factual basis of a claim" only if "there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel."  *Williams*, 529 U.S. at 432.

If discovery is not otherwise barred, Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 6") provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."   A petitioner establishes "good cause" for discovery if "specific allegations before the court show reason to believe that [he] may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief."  *Harris v. Nelson*, 394 U.S. 286, 300 (1969).   "[G]ood cause for discovery cannot arise from mere speculation" and "discovery cannot be ordered on the basis of pure hypothesis."  *Arthur v. Allen*, 459 F.3d 1310, 1311 (11th Cir. 2006).

---

[3] 28 U.S.C. § 2254(e)(2) provides:
>     If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>         (A) the claim relies on--
>             (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>             (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>         (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

"In cases where an applicant for federal habeas relief is not barred from obtaining an evidentiary hearing by 28 U.S.C. § 2254(e)(2) [or *Pinholster*], the decision to grant such a hearing rests in the discretion of the district court."   *Schriro v. Landrigan*, 550 U.S. 465, 468 (2007); *see also* Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts.   When deciding whether to grant a hearing, the "court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations," taking into consideration the "deferential standards prescribed by 28 U.S.C. § 2254."   *Schriro*, 550 U.S. at 474.   An evidentiary hearing is not necessary if the issues can be resolved by reference to the record developed in the state courts.   *Id.*

## II.   APPLICATION OF THESE STANDARDS TO BUTTS'S REQUESTS

Butts wants to serve written discovery and depose certain named individuals to discover the "source and nature of the substance that Georgia intends to use in conducting lethal injections, including the conditions in which they are manufactured."[4] (Doc. 19-1 at 14).   Following discovery, Butts wants to present the evidence to this Court

---

[4]  Butts acknowledges that even if the Court granted his motion for discovery, "O.C.G.A. § 42-5-36 ostensibly precludes any such discovery."   (Doc. 19-1 at 3).   O.C.G.A. § 42-5-36(d)(2), adopted March 2013, provides that "[t]he identifying information of any person or entity who participates in or administers the execution of a death sentence and the identifying information of any person or entity that manufactures, supplies, compounds, or prescribes the drugs, medical supplies, or medical equipment utilized in the execution of a death sentence shall be confidential and shall not be subject to disclosure under Article 4 of Chapter 18 of Title 50 or under judicial process.   Such information shall be classified as a confidential state secret."   Butts claims this statute is unconstitutional because it makes it impossible him, and similarly situated inmates, to craft a meaningful Eighth Amendment claim and maintains that the "Fulton County Superior Court has concluded that the statute is unconstitutional."   (Doc. 19-1 at 3).   In *Hill v. Owens*, 2013-CV-233 (Fulton Co. Sup. Ct. July 18, 2013), the Superior Court of Fulton County issued a stay of execution for Warren Lee Hill, finding that he had shown a substantial likelihood of success with the following claims involving O.C.G.A. § 42-5-36(d)(2): (1) it violated a death row prisoner's due process rights by limiting his access to the courts, (2) it violated the Georgia State Separation of Powers Doctrine; and (3) it was unconstitutionally overbroad.   (Doc. 19-2 at 5-9).   The Georgia Supreme Court granted the Defendant's application to appeal and the case is now pending in that court.   *Owens v. Hill*, S13D1668 (Ga. Sup. Ct. Aug. 26, 2013).

to establish that Georgia's lethal injection protocol and procedure violate his Eighth and Fourteenth Amendment rights.

The first issue is whether Butts's lethal injection claim is even cognizable in his habeas corpus action.   Respondent cites *Hill v. McDonough*, 547 U.S. 573 (2006), *Tompkins v. Sec'y, Dep't of Corr.*, 557 F.3d 1257 (11th Cir. 2009), and *McNabb v. Comm'r Ala. Dep't of Corr.,* 727 F.3d 1334 (11th Cir. 2013) for the proposition that "[a] [42 U.S.C.] § 1983 lawsuit, not a habeas proceeding, is the proper way to challenge lethal injection procedures."   *Tompkins*, 557 F.3d at 1261 (citing *Hill,* 547 U.S. at 579-83). Butts, citing *Wellons v. Hall*, 554 F.3d 923 (11th Cir. 2009), *vacated on other grounds,* 558 U.S. 220 (2010), maintains that "[t]he Eleventh Circuit has also reached the merits of a lethal injection claim in a habeas proceeding."   (Doc. 19 at 6-7).

"[I]n a state where the legislature has established lethal injection as the method of execution, 'a constitutional challenge seeking to permanently enjoin the use of lethal injection may amount to a challenge to the fact of the sentence itself.'"   *Hill*, 547 U.S. at 579.   Thus, when a prisoner challenges lethal injection as a general matter, he is challenging the lawfulness of his sentence and should bring the claim in a habeas action. *Id*.   As a practical matter, Butts does not need discovery to support a claim that lethal injection, regardless of the protocols and procedures used, is unconstitutional. However, it would appear that such an attack is foreclosed by numerous cases upholding the constitutionality of lethal injection.   *See Baze v. Rees*, 553 U.S. 35 (2008); *DeYoung v. Owens*, 646 F.3d 1319 (11th Cir. 2011).   If "[t]he complaint does not challenge the lethal injection sentence as a general matter but seeks instead only to enjoin respondents 'from executing [the prisoner] in the manner they currently intend,'" § 1983 is the appropriate vehicle for relief.   *Hill*, 547 U.S. at 580 (citations omitted).

Butts argues that he is attacking his sentence because he is "challenging whether Georgia has any remaining method of executing him – by legal injection – that passes constitutional muster."   (Doc. 21 at 3).   However, it is clear that Butts is actually challenging "the protocols and procedures for executing a prisoner by lethal injection as adopted by the Georgia Department of Corrections."   (Doc. 1 at 56).   Just as in *Hill*, if Butts's Eighth Amendment claim is ultimately successful, it "would not necessarily prevent the state from executing him by lethal injection."   *Hill*, 547 U.S. at 581.   For example, if Butts established that the source, presumably a compounding pharmacy, or nature of the drug obtained by the State posed "a substantial risk of serious harm," the State could potentially still carry out his execution by obtaining a different drug from an alternate source, whether that source was a different compounding pharmacy or some other drug manufacturer.   *Farmer v. Brennan,* 511 U.S. 825, 847 (1994).

The Court finds the Eleventh Circuit's recent holding in *McNabb* instructive:

> [Petitioner] contends that the district court erred in dismissing his claim that Alabama's lethal injection protocol is unconstitutional.   He asserts that because his claim challenges the entire method of execution … the district court erred in dismissing his claim because it determined that the claim was more properly cognizable in a 42 U.S.C. § 1983 action.   His contention fails.

> Issues sounding in habeas are mutually exclusive from those sounding in a § 1983 action.   The line of demarcation between a § 1983 civil rights action and a § 2254 habeas claim is based on the effect of the claim on the inmate's conviction and/or sentence.   A claim is properly raised under § 1983 when an inmate challenges the circumstances of his confinement but not the validity of his conviction and/or sentence.   By contrast, habeas corpus law exists to provide a prisoner an avenue to attack the fact or duration of physical imprisonment and to obtain immediate or speedier release.

> Usually, an inmate who challenges a state's method of execution is attacking the means by which the State intends to execute him, which is a circumstance of his confinement.   It is not an attack on the validity of his conviction and/or sentence.   For that reason, a § 1983 lawsuit, not a habeas proceeding, is the proper way to challenge lethal injection

procedures.   Hence, we conclude that the district court did not err in dismissing [Petitioner's] lethal injection challenge in his federal habeas petition.   That avenue of relief is still available to him in a § 1983 action.

*McNabb,* 727 F.3d at 1344.

Without much explanation, Butts claims that his Eighth Amendment claim is properly brought in his habeas proceedings because, unlike the situations in *Hill*, *Nelson*, and *McNabb*, he is challenging the recently enacted O.C.G.A. § 42-3-36(d)(2).   (Doc. 21 at 4).   But Butts does not explain how this strengthens his argument that his lethal injection claim should be heard in this habeas corpus action.

Even if Butts's lethal injunction claim was cognizable in this action, the Court finds that he has not established good cause for his discovery requests or shown that an evidentiary hearing is necessary at this time.   The Court agrees with Butts that (1) the state courts did not adjudicate this particular claim on the merits; (2) he could not have developed these facts while his case was pending before the state courts; and (3) 28 U.S.C. 2254(e)(2) would, therefore, not prevent discovery and an evidentiary hearing at this time.   As Butts explains, if he had "been provided with discovery in state court on procedures involving [the lethal injection protocol used at that time], it would have no relevance to the current proceedings."   (Doc. 21 at 2).   This is still true—if the Court provides Butts discovery on Georgia's current lethal injection procedures, it is likely that such discovery will have no relevance when, and if, his execution is scheduled.   As Butts explains, Georgia "repeatedly and abruptly alter[s] its lethal injection procedures" and has changed these procedures at least twice over the past few years.   (Doc. 19-1 at 3, 5). The procedures are likely to change again before Butts's execution is scheduled.   Thus, good cause for discovery does not exist at this time.

Butts's claim that "principles of judicial economy dictate that, with the parties already assembled, the lethal injection claim should be heard," ignores his acknowledgement that Georgia's lethal injection protocol and procedures change frequently.   Butts's execution is not imminent and it is unknown what specific drug or drugs will be used for his execution or from where the Georgia Department of Corrections will obtain the drugs.   Even if this Court allowed discovery and held an evidentiary hearing now, the evidence developed would likely be irrelevant by the time Butts's execution is scheduled and a second court would have to allow discovery and/or consider evidence regarding whatever new lethal injection procedure was being used.   Thus, principles of judicial economy dictate against development of this claim now.

For these same reasons, the Court denies Butts's alternative request to stay this case pending the Georgia Supreme Court's decision in *Owen*.   Regardless of the constitutionality of O.C.G.A. 42-5-36(d)(2), Butt's lethal injection claim is premature and should be brought in a 42 U.S.C. § 1983 action.

## CONCLUSION

Based on the above, the Court **DENIES** Butts's Motion for Discovery and an Evidentiary Hearing and instructs the Parties to comply with the September 30, 2013 Scheduling Order for future briefs.[5]

**SO ORDERED**, this 15th day of January, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[5] The Parties are reminded that, when referring to the record (which includes Respondent's 133 exhibits), they are to comply with the citation format shown in the September 30, 2013 Scheduling Order.   (Doc. 18 at 3.)   Any brief that does not contain this citation formant will not be accepted by the Court.