IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROBERT EARL BUTTS, JR., | : |
| Petitioner, | : |
| vs. | : CIVIL ACTION NO. 5:13-CV-194 (MTT) |
| WARDEN, Georgia Diagnostic and Classification Prison, | : |
| Respondent. | : |

## **ORDER**

Frequently, the Georgia Supreme Court denies without explanation a habeas petitioner's application for a certificate of probable cause to appeal the denial of habeas relief. In *Wilson v. Sellers*, 2018 WL1800370 (April 17, 2018), the United States Supreme Court held that a federal habeas court should "look through" such an unexplained state court decision to the last state court decision stating a rationale for denial of relief and presume that the summary denial of relief was based on the same rationale. Shortly before the Supreme Court handed down its decision in *Wilson*, the Georgia Supreme Court offered that it might or might not deny an application for a certificate of probable cause for the same reasons that the lower court denied relief. *Redmon v. Johnson*, 302 Ga. 763, 809 S.E.2d 468 (2018). Based on *Redmon*, Petitioner Robert Earl Butts, Jr. has moved to reopen his 28 U.S.C. § 2254 habeas corpus case. (Doc. 54). Based on *Wilson*, Butts has moved to stay his May 3, 2018 execution. (Doc. 60). Because both motions lack merit, they are **DENIED**.

## I. BACKGROUND AND PROCEDURAL HISTORY

On the night of March 28, 1996, Butts and his co-defendant, Marion Wilson, approached Donovan Corey Parks in a Wal-Mart parking lot and asked for a ride. Parks agreed. After driving a short distance, Butts brandished a sawed-off shotgun he had concealed under his jacket. Parks was ordered to stop the car. Wilson drug Parks from the car and told him to lie face down in the road. Butts then shot Parks in the back of the head. Butts and Wilson drove Parks's car to Atlanta with the hope of exchanging the car for money at a chop shop. When that plan failed, they bought two cans of gasoline, drove to a remote location in Macon, Georgia, and set Parks's car on fire. *Butts v. State*, 273 Ga. 760, 761-62, 546 S.E.2d 472, 477-78 (2001).

On November 20, 1998, a jury found Butts guilty of malice murder, armed robbery, hijacking a motor vehicle, possession of a firearm during the commission of a crime, and possession of a sawed-off shotgun. *Id.* at 761 n.1, 546 S.E.2d at 477 n.1. On November 21, 1998, the jury found that the murder was committed during the commission of a capital felony, and Butts was sentenced to death.[1] *Id.*

Butts moved for a new trial, which was denied, and Butts appealed. (Docs. 8-5 at 81; 10-11; 8-1 at 6).[2] Because Butts raised in his appeal ineffective assistance of trial counsel claims, the trial court appointed new counsel to represent Butts. (Doc. 8-5 at 83). The Georgia Supreme Court then remanded for an evidentiary hearing on Butts's ineffective assistance claims. (Docs. 10-13 at 37-49; 10-15). The trial court

---

[1] Wilson was also tried, convicted, and sentenced to death for Parks's murder. *Wilson v. State*, 271 Ga. 811, 525 S.E.2d 339 (1999).

[2] Because all documents have been electronically filed, this Order cites to the record by using the document number and electronic screen page number shown at the top of each page by the Court's CM/ECF software.

held an evidentiary hearing on August 22, 2000 and on October 4, 2000 denied Butts's motion for new trial. (Docs. 10-16; 10-17 at 14).

Butts again appealed, and on April 30, 2001, the Georgia Supreme Court affirmed. (Doc. 10-17 at 2); *Butts*, 273 Ga. at 761, 546 S.E.2d at 477. The United States Supreme Court denied his petition for certiorari on January 7, 2002. *Butts v. Georgia*, 534 U.S. 1086 (2002); *Butts v. Georgia*, 535 U.S. 922 (2002).

Butts filed a petition for writ of habeas corpus in the Superior Court of Butts County, Georgia (the "state habeas court") on August 30, 2002. (Doc. 11-4). After an evidentiary hearing, the state habeas court denied relief on April 11, 2011. (Docs. 13-1 to 16-5; 16-23). Butts filed an application for certificate of probable cause to appeal ("CPC application") with the Georgia Supreme Court. (Docs. 16-24; 16-25). In an order dated January 22, 2013, that court denied without explanation his CPC application. (Doc. 16-28).

On May 31, 2013, Butts filed in this Court his 28 U.S.C. § 2254 petition for habeas corpus relief. (Doc. 1 at 9-30). This Court denied relief on October 16, 2015. (Doc. 34). The Eleventh Circuit affirmed on March 9, 2017. *Butts v. GDCP Warden*, 850 F.3d 1201 (11th Cir. 2017). The United States Supreme Court denied certiorari on January 22, 2018. (Doc. 53).

## II.    STAY OF EXECUTION

On April 16, 2018, the Superior Court of Baldwin County entered an order directing that Butts be executed by lethal injection between May 3, 2018 and May 10, 2018. (Doc. 60-1). The Georgia Department of Corrections has scheduled his execution for May 3, 2018. (Doc. 60 at 2). Butts asks this Court to stay his execution

so he can fully brief the impact of the United States Supreme Court's recent ruling in *Wilson v. Sellers*, 2018 WL1800370 (April 17, 2018).³

This Court may grant a stay of execution only if Butts establishes "(1) he has a substantial likelihood of success on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the stay would not substantially harm the other litigant; and (4) if issued, the injunction would not be adverse to the public interest." *DeYoung v. Owens*, 646 F.3d 1319, 1324 (11th Cir. 2011) (quoting *Powell v. Thomas*, 641 F.3d 1255, 1257 (11th Cir. 2011)). As discussed below, Butts cannot establish a substantial likelihood of success on the merits.

### III. ANALYSIS

Federal Rule of Civil Procedure 60(b)(6) permits reopening a case for "any . . . reason justifying relief from the operation of the judgment." *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th Cir. 2001) (quoting *Griffin v. Swim-Tech Corp.*, 722 F.3d 677, 680 (11th Cir. 1984)). But, "relief under Rule 60(b)(6) is available only in 'extraordinary circumstances.'" *Buck v. Davis*, 137 S. Ct. 759, 777 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). "Such circumstances . . . rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535.

Butts argues this Court should reopen his federal habeas case because the Georgia Supreme Court's recent decision in *Redmon v. Johnson*, 302 Ga. 763, 809 S.E.2d 468 (2018), "demonstrates that this Court's application of Section 2254(d)'s limitation upon relief to Petitioner's ineffective-assistance-of-counsel claims was premised upon a misapprehension." (Doc. 54 at 1). Eight days after Butts filed his

---

³ Ironically, the Petitioner in *Wilson* is Marion Wilson, Butts's accomplice.

motion to reopen, the United States Supreme Court decided *Wilson*. 2018 WL1800370, at *5. As Butts argues in his motion to stay, *Wilson* is critical, but not in the way Butts thinks. *Wilson* demonstrates that this Court—and the Eleventh Circuit after it—was not laboring under a misapprehension when it denied habeas relief.

Because Butts focuses on his ineffective assistance of trial and appellate counsel claims, it is appropriate to note how various courts have handled those claims. (Doc. 1 at 9-30). Butts argued on direct appeal that trial counsel were ineffective for not presenting mitigating testimony and pleas for mercy from family members. (Docs. 10-22 at 9-10, 41; 24 at 47). The Georgia Supreme Court rejected this claim on the merits. *Butts*, 273 Ga. at 769-70, 546 S.E.2d at 483; (Doc. 16-23 at 5). Butts raised additional trial counsel ineffective assistance claims during his state habeas proceedings, and the state habeas court found those claims were procedurally defaulted because Butts failed to raise the claims on direct appeal.[4] Butts argued that ineffective assistance of direct appeal counsel established cause to overcome the default. (Doc. 24 at 49). The state habeas court addressed the appellate counsel ineffective assistance claims on the merits. The court determined that appellate counsel's failure to conduct an independent mitigation investigation constituted deficient performance, but, the court ruled, Butts had not been prejudiced. (Doc. 16-23 at 17-1). In his CPC application, Butts asserted the same ineffective assistance claims. (Docs. 16-25; 16-27).

---

[4] The state habeas court found the following trial counsel ineffective assistance claims were procedurally defaulted: Trial counsel failed to secure a neuropsychologist and have neuropsychological and neurological testing performed; trial counsel failed "to conduct an adequate pretrial investigation into [Butts's] family life and background to uncover and present to the jury evidence in mitigation of punishment"; and trial counsel failed "to present a picture of [Butts's] background and failed to call any witness who could present the jury with testimony of [Butts] as a unique human being." (Doc. 16-23 at 8, 14).

As the Court explained in detail in its October 16, 2015 Order, the Georgia Supreme Court's summary denial of Butts's CPC application is the final state court determination of Butts's ineffective assistance claims and, under then-existing Eleventh Circuit precedent, the only question for this Court was whether there was any reasonable basis for the Georgia Supreme Court to deny relief. (Doc. 34 at 11) (citing *Hittson v. GDCP Warden,* 759 F.3d 1210, 1231, 1232-33 (11th Cir. 2014) and *Lucas v. Warden*, 771 F.3d 785, 792 (11th Cir. 2014)). But the Court recognized that this precedent had been called into question. (Doc. 34 at 12 n.8) (citing *Hittson v. Chatman*, 135 S. Ct. 2126 (2015) (Ginsburg and Kagan, JJ., concurring in the denial of certiorari)). Given that, the Court analyzed Butts's claims the same way it had analyzed its previous post-AEDPA § 2254 cases—the Court applied the *Ylst* "look through" presumption. (Doc. 34 at 11-12 n.8) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). Thus, this Court looked through the summary CPC denial, presuming the Georgia Supreme Court denied relief for the reasons stated by the state habeas court. (Doc. 34 at 12 n.8) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)).

After looking through, this Court denied relief on all claims but "granted Butts a certificate of appealability on the question of whether '[t]rial and appellate counsel were ineffective for failing to investigate, develop, and present mitigating evidence . . . .'" *Butts*, 850 F.3d at 1203. The Eleventh Circuit, like this Court, employed the *Ylst* look through presumption rather than its own precedent: "Because it does not matter to the result, and to avoid any further complications if the United States Supreme Court disagrees with our *Wilson* decision, we have decided this appeal by the same basis that

the district court did: by using the more state-trial-court focused approach in applying § 2254(d)." *Id.* at 1204.

As it turned out, the United States Supreme Court did disagree with the Eleventh Circuit's *en banc* decision in *Wilson* not to look through an unexplained denial of relief. The Court held that the approach used by this Court in *Wilson*—and, significantly, used by both this Court and the Eleventh Circuit in *Butts*—was the correct approach. *Wilson*, 2018 WL 1800370, at *5. Specifically, the Court held "that the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." *Id.* at *3. That is what this Court did.

*Wilson* also forecloses Butts's argument that *Redmon* requires district courts to conduct a *de novo* review of any ineffective assistance of counsel claim that the Georgia Supreme Court summarily denies. (Doc. 54 at 1-17) (citing *Redmon*, 302 Ga. at 766, 809 S.E.2d at 471). In *Redmon*, an apparent effort by the Georgia Supreme Court to have its say in the look through debate, the court noted that it occasionally summarily denies relief even if it identifies "inconsequential errors" in the state habeas courts' orders. *Redmon*, 302 Ga. at 765-66, 809 S.E.2d at 470-71. It listed several "examples of inconsequential errors" that it commonly encounters, including:

> The habeas court rejects a claim both on a procedural ground and, alternatively, on the substantive merits. This Court determines that one of those rulings appears factually or legally erroneous, but the other is correct, so an appeal would result in the habeas court's judgment being affirmed on the correct ground.
>
> In addressing an ineffective assistance of counsel claim under *Strickland* . . . the habeas court rules that counsel did not perform deficiently as alleged. That ruling appears to be

> erroneous, but this Court determines based on our review of
> the record that no prejudice resulted from the deficient
> performance, so an appeal would result in affirming the
> habeas court's judgment.

*Id.* at 766, 809 S.E.2d at 471. Based on this, Butts posits an innovative argument: (1) *Redmon* reveals the Georgia Supreme Court routinely does not base its denial of relief for ineffective assistance claims on the same grounds as those stated in the lower courts' habeas orders; (2) there is thus no way to know on what grounds the Georgia Supreme Court based its denial of relief; and (3) this Court must therefore, conduct a *de novo* review. (Doc. 54 at 13-21).

In *Wilson*, the United States Supreme Court acknowledged *Redmon*, but the Court did not find, as Butts argues, that *Redmon* somehow lowers the deference that AEDPA requires.[5] After considering the Georgia Supreme Court's CPC procedure as described in *Redmon*, the Supreme Court held district courts nevertheless must presume the Georgia Supreme Court based its denial of relief on the same grounds as those expressed in the state habeas order. *Wilson*, 2018 WL 1800370, at *7. But, this presumption[6] "can be rebutted by evidence of, for instance, an alternative ground that was argued or that is clear in the record was the likely basis for" the Georgia Supreme Court's denial of relief. *Id.*

All of this means this Court employed the proper analytical framework when it denied Butts' habeas petition. It looked through the Georgia Supreme Court's

---

[5] In *Redmon*, the Georgia Supreme Court expressly stated, "we offer no view on the question of federal habeas law presented in *Wilson* . . . ." *Redmon*, 302 Ga. at 763-64, 809 S.E.2d at 469.

[6] Contrary to Butts's arguments, (Doc. 59 at 1), the rebuttable nature of the presumption that a state appellate court based its unexplained decision on the rationale of the lower courts is not new. In *Ylst*, the Court stated, "[W]e do not suggest that the presumption is irrefutable . . . ." 501 U.S. at 804.

summary CPC denial and thoroughly reviewed the state habeas court's factual findings and legal conclusions, finding they were reasonable. (Doc. 34 at 11-2, 7-65). *Redmon* requires nothing different.

Butts's motions to reopen his case and stay of execution must, therefore, be **DENIED.**

## CERTIFICATE OF APPEALABILITY

The Eleventh Circuit has held "that the certificate of appealability [COA] requirement applies not only to all final judgments denying § 2254 or § 2255 relief, but also to all final judgments denying Rule 60(b) relief from those earlier final judgments." *Gonzalez v. Sec'y for the Dep't of Corr.*, 366 F.3d 1253, 1263 (11th Cir. 2004), *aff'd sub nom*, *Gonzalez v. Crosby*, 545 U.S. 524, 536 n.8 (2005) (finding "the COA requirement appears to be a . . . plausible and effective screening requirement."). The Court can issue a COA only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To merit a COA, the Court must determine "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citations omitted). If a procedural ruling is involved, the petitioner must "demonstrate that the procedural ruling barring relief is itself debatable among jurists of reason; otherwise, the appeal would not 'deserve encouragement to proceed further.'" *Buck v. Davis*, 137 S. Ct. 759, 777 (2017) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists could not "conclude that the District Court abused its discretion in declining to reopen the judgment" in this case. *Id.* The Court, therefore, finds the standard required for the grant of a COA has not been met and a COA is **DENIED**.

**SO ORDERED**, this 23rd day of April, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT